# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# PIKEVILLE

| | |
|---|---|
| JANNETTE BUTCHER and RICKEY BUTCHER, | |
| Plaintiffs, | Civil Action No. 10-CV-102-WOB |
| v. | |
| JANIE MCKENZIE WELLS, et al., | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

\*\*\*\* \*\*\*\* \*\*\*\*

Jannette Butcher and Rickey Butcher are residents of Van Lear, Kentucky, in Johnson County. On August 20, 2010, the Butchers filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 2] The Court granted their motion to waive payment of the $350 filing fee on October 13, 2010, pursuant to 28 U.S.C. § 1915(a). [R. 5] As required by the Court, on November 9, 2010, the Butchers filed an amended complaint. [R. 6]

Federal law requires the Court to conduct a preliminary review of civil rights complaints, and to dismiss a case if it determines the action (a) is frivolous or malicious, (b) fails to state a claim upon which relief can be granted, or (c) seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because the plaintiffs are not represented by an attorney, the complaint is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the plaintiffs' factual allegations as true and their legal claims are liberally construed in their favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

**I.**

In their complaint, the Butchers allege that on Sunday, February 8, 2009, they traveled to the home of Terry Sellers, her ex-husband, in Pendleton County, Kentucky, to pick up their minor daughter following a weekend visitation. [R. 2 at 1] Once she arrived, however, Jannette indicates that she was assaulted by Terry, as well as by his then-girlfriend Angie Reynolds, and two other individuals, Brad Waters and Shelbie Bruin. During the altercation Jannette received injuries including a broken nose, fractured cheekbone, bruises, and scattered lymph nodes. [R. 2 at 1]

Jannette further indicates that Angie Reynolds then called the police and, impersonating Jannette, claimed that a kidnaped child was at the residence. When police officer Shannon Clems arrived at the home shortly thereafter, he arrested Jannette for assault. The Butchers indicate that Clems was a friend of Sellers and Reynolds, and joked with them after Jannette had been handcuffed and placed in his cruiser. [R. 2 Att. 2 at 1] Jannette further indicates that Clems attempted to coerce her into signing a confession to the assault charge, and when she asked for medical attention for her injuries, Clems did not call for medical help for more than one hour. When the paramedics indicated that Jannette should seek further medical attention, Jannette declined to go to the hospital at that time when officer Clems advised her that doing so would further delay her release from jail. [R. 2 at 1] Jannette indicates that prior to her release, she temporarily passed out as a result of her injuries. [R. 2 at 2]

Following the incident, Jannette was formally charged with assault. Terry Sellers then sought and obtained a domestic violence restraining order against Jannette. On February 18, 2009, Terry Sellers and/or Angie Reynolds made a telephone call to Linda Thornsberry, a case worker for the Kentucky Cabinet for Health and Family Services ("CHFS"), and alleged that Jannette was neglecting the minor child. [R. 2 at 2; R. 6 at 2] Two days later, Thornsberry removed the minor

child from Jannette's custody and temporarily placed the child in Terry's custody pending a further hearing. Jannette alleges that Thornsberry removed the child without conducting an adequate investigation into the allegations of neglect. Jannette further alleges that Debra Wilcox, Thornsberry's supervisor, failed to adequately oversee Thornsberry's activities or intervene on Jannette's behalf following several phone calls by Jannette. [R. 2 at 3; R. 6 at 4]

On April 21, 2009, a hearing was held on the assault charge, at which time Jannette was found not guilty of the offense. [R. 6 at 3] Jannette indicates that Pendleton County Attorney Jeffery Dean refused to press charges against Sellers, Reynolds, Waters or Bruin arising out of the incident. [R. 2 at 2]

During a hearing regarding the neglect charge on May 8, 2009, Jannette alleges that Thornsberry gave false and biased testimony regarding Jannette's medical history and the minor child's living environment. [R. 6 at 3] While Johnson County Circuit Judge Janie Wells found Jannette not guilty of neglect [R. 6 at 2], Jannette alleges that Judge Wells failed to evaluate all of the evidence provided, and awarded temporary but primary physical custody of the minor child to Terry Sellars. Further, Judge Wells ordered CHFS to release certain records to Gordon Long, Terry Sellers's attorney, on June 23, 2009, and shortly thereafter, the court terminated Jannette's visitations with the child. [R. 2 at 2-3; R. 6 at 2-3]

Jannette avers that Long, as counsel for Terry, communicated extensively with the county attorney regarding the alleged assault of his client and Jannette's mental health condition, and further sought repeated continuances of the final custody hearing. [R. 6 at 4-5] Jannette further alleges that CHFS, through its employees, treated her unfairly, was biased in favor of Terry Sellers, and failed to adequately inform her about her visitation times with her minor child. [R. 6 at 5]

**II.**

Having reviewed the allegations in the complaint, the Court finds that any civil rights claims must be dismissed with prejudice, as the allegations of the complaint either fail to state a claim or seek relief against a defendant immune from such relief. The Court will dismiss any claims arising under Kentucky law without prejudice.

First, the Butchers have named the Kentucky Cabinet for Health and Family Services as a defendant in this action, and allege that the agency, through its employees, failed to deal with her case fairly and promptly. However, CHFS is an agency of the Commonwealth of Kentucky, created and organized by Kentucky statute. *See* Ky. Rev. Stat. 211.015. The Eleventh Amendment to the Constitution of the United States bars a federal court from entertaining a suit against a state or its agencies, regardless of the whether the plaintiff seeks monetary damages or injunctive or declaratory relief. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984). Accordingly, CHFS is not amenable to suit in federal court. *Wesley v. Campbell*, No. 10-51-DLB, 2010 WL 3120204, at *4 n.3 (E.D. Ky. Aug. 5, 2010) (*citing Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("The Eleventh Amendment therefore bars § 1983 actions against a state, its agencies, and its officials sued in their official capacities for damages); *Skudnov v. Comm. of Ky. Cab. for Health & Fam. Servs.*, No. 1:09-CV-148-R, 2010 WL 686365, at *2 (W.D. Ky. Feb. 23, 2010).

Second, the Butchers have named Johnson County, Kentucky, as a defendant in this action. However, the Butchers have not explained for what conduct the county should be held legally responsible. It appears that the initial altercation at Sellers' residence and the subsequent legal proceedings on the assault charge took place in Pendleton County, Kentucky, whereas the investigation and subsequent legal proceedings arising out of the allegations of neglect took place in Johnson County, Kentucky. The Court therefore infers that the Butchers contend that Johnson

County, through its officials, acted improperly during those neglect proceedings.

However, any such claim would founder against the rule of law that a county may not be held vicariously liable for civil rights violations committed by its employees merely because of its status as an employer. Rather, such claims are only viable when the employee's actions were taken pursuant to and consistent with a formal policy or informal custom established by the county and in derogation of the plaintiff's constitutional rights. *Jones v. Muskegon Co.*, 625 F. 3d 935, 946 (6th Cir. 2010); *Johnson v. City of Franklin, Kentucky*, No. 1:04-CV-197-R, 2005 WL 1661975, at *4 (W.D. Ky. July 15, 2005) (*citing Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 659 (1978)). Because the Butchers do not allege that any official of Johnson County undertook unconstitutional action pursuant to and in conformity with a policy established by the county, their Complaint fails to state a claim against it. *Leatherman v. Tarrant Co. Narcotics Unit*, 507 U.S. 163, 165 (1993).

Third, the Butchers have sued Johnson County Circuit Judge Janie Wells, presumably for her alleged failure to evaluate all of the available evidence regarding the neglect charge, and her failure to order that physical custody of the minor child be returned to Jannette following her dismissal of the neglect charge against her. However, "[j]udges are generally absolutely immune from civil suits for money damages, including § 1983 suits." *Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007); *McNutt v. Fuerches*, 31 F. App'x 882, 884 (6th Cir. 2002). This immunity applies unless the judge is acting in a non-judicial capacity, such as with respect to administrative or managerial matters, or the judge acts in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). The facts described in the complaint make clear that Judge Wells's actions were taken in furtherance of her adjudicatory function, and thus fall squarely within the type of conduct protected by the immunity. *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997); *Rose v. Leaver*,

25 F. App'x 191, 192 (6th Cir. 2002). The claim against Judge Wells must be dismissed.

Fourth, the Butchers have sued Gordon Long, Terry Sellers' attorney, alleging that he made false statements regarding Jannette's mental health condition to the Pendleton County Attorney and repeatedly sought continuances of the final custody hearing. However, the Constitution regulates the relationship between the different branches of the government, and between the government and its people. Similarly, the Bill of Rights is designed to protect citizens against oppressive actions taken by the government through its officials and public employees. In contrast, actions taken by private individuals on their own behalf do not implicate these constitutional guarantees. Because Long's conduct in the state court proceedings did not entail any action taken "under color of state law" - meaning, in essence, on behalf of the state - the Butchers' complaint fails to state a claim against him. *Glasspoole v. Albertson*, 491 F.2d 1090, 1091 (8th Cir. 1974) (former spouse and her counsel did not act under color of state law by initiating contempt proceeding against former husband in divorce case, and civil rights action against them was properly dismissed); *McArthur v. Bell*, 788 F. Supp. 706, 710 (E.D.N.Y. 1992) (witness testifying at child support modification proceedings is not acting under color of state law for purposes of Section 1983).

Finally, the Butchers' complaint names Linda Thornsberry, a social worker for CHFS, and Debra Wilcox, her supervisor, as defendants. The Butchers allege that when Thornsberry investigated the allegation of neglect against her in February 2009, she failed to do a thorough and unbiased investigation. They further allege that during the hearing on the neglect charge in May 2009, Thornsberry gave false testimony. Finally, they allege that Wilcox failed to adequately supervise Thornsberry in the performance of her duties. However, federal law requires that a civil rights claim arising out of conduct occurring in Kentucky must be filed within one year after the events complained of under KRS 413.140(1)(a). *Fox v. DeSoto*, 489 F.3d 227, 232-33 (6th Cir.

2007). In his case, the investigation and testimony complained of occurred in February and May 2009. Because the Butchers did not file suit until August 20, 2010, the suit was filed outside of the one year limitations period, and the claims must be dismissed as time barred. In addition, Thornsberry is likely entitled to absolute immunity for the testimony she gave in court, although such immunity would not extend to her initial investigation. *Meyers v. Franklin Co. Court of Common Pleas*, 10 F. App'x 49, 53-54 (6th Cir. 2003). With respect to Wilcox, she also cannot be held liable for any constitutional violations committed by her subordinate merely because of her supervisory capacity; rather, an allegation that Wilcox personally participated in the constitutional deprivation is required. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). The Butcher's allegation that Wilcox merely failed to ensure that Thornsberry performed her duties in a professional and complete manner fails to satisfy this requirement.

All of the plaintiffs' claims asserting violations of their rights under the federal Constitution must be dismissed with prejudice for the reasons explained above. The Butchers' complaint does suggest that they may wish to pursue claims arising under Kentucky law, including emotional distress, harassment, and slander. [R. 6 at 11] However, once a federal district court has dismissed all of the federal claims which provide the basis for its subject matter jurisdiction prior to trial, the court has discretion to dismiss pendent state law claims without prejudice. 28 U.S.C. § 1367(c); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). In exercising that discretion, the court may consider the need to avoid the multiplicity of litigation and needlessly deciding important issues of state law. *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010). Generally, however, "the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996). Because all of the plaintiffs and defendants are

Kentucky residents, the claims arise under Kentucky law, and the Court can discern no important federal interest in deciding the issues presented, the Court concludes that the exercise of supplemental jurisdiction is unwarranted over the state law claims best decided by Kentucky courts. The Court further notes that the Butchers' complaint suggests that legal proceedings regarding the custody and visitation matters may still be pending in the state courts. The fact that proceedings may be ongoing in the circuit courts of Pendleton or Johnson County further counsels against permitting claims related to those proceedings to be entertained here. *Cf. Meyers v. Franklin Co. Court of Common Pleas*, 23 F. App'x 201, 204 (6th Cir. 2001) ("cases out of the Supreme Court and this Court make it clear that abstention is generally appropriate in matters of family relations such as child custody.").

Accordingly, **IT IS ORDERED** that:

1. The civil rights claims asserted pursuant to 42 U.S.C. § 1983 by Plaintiffs Jannette Butcher and Rickey Butcher against Defendants Judge Janie Wells; Johnson County, Kentucky; the Kentucky Cabinet for Health and Family Services; Debra Wilcox; Linda Thornsberry; and Gordon Long [R. 2, 6] are **DISMISSED WITH PREJUDICE**.

2. The Court declines to exercise supplemental jurisdiction over any claims asserted under state law, and such claims are **DISMISSED WITHOUT PREJUDICE**.

3. A separate Judgment shall enter concurrently herewith.

This 9th day of May, 2011.



Signed By:
*William O. Bertelsman* WOB
United States District Judge